UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
|    Charles Thomas Edwards | ) | Case No. 09-11150 C7-W |
|    Cheryl Lynn Edwards, | ) | |
| | ) | |
|           Debtors. | ) | |

**ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT**

This case came before the Court on November 16, 2009, upon an Order of the Court for the Debtors to Show Cause (the "Motion") as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Jennifer R. Harris appeared on behalf of the debtors. The debtors sought to reaffirm a debt in the amount of $27,736.17, which debt is secured by a 2008 Ford Mustang.

The reaffirmation agreement was filed with the Court on October 26, 2009, and was therefore not filed with the Court within sixty (60) days after the first date set for the Section 341 Meeting of Creditors as required by Bankruptcy Rule 4008(a). The debtors filed their bankruptcy petition, under Chapter 13 of Title 11, on June 24, 2009. The case was converted to Chapter 7 on July 22, 2009, and on the same date the debtors filed their statement of intentions indicating their intent to retain the 2008 Ford Mustang and to reaffirm their debt with the JP Morgan Chase Bank, N.A. ("Creditor"). On or about August 18, 2009, debtors' counsel received a proposed reaffirmation agreement from the Creditor. The proposed reaffirmation agreement was deficient in that Creditor failed to attach the requisite copy of the certificate of title and security agreement. On August 20, 2009, Debtor's counsel sent a letter to Creditor advising that before the reaffirmation agreement could be signed and filed with the Court, Creditor must provide a copy of the certificate of title and security agreement to debtors' counsel, whereupon

the reaffirmation agreement would be signed and forwarded to Creditor for filing with the Court. Thereafter a copy of the certificate of title and security agreement were received by debtors' counsel and on September 22, 2009, debtors' counsel forwarded the reaffirmation agreement to the debtors for signing. The debtors and counsel signed the reaffirmation agreement and on October 2, 2009, the executed reaffirmation agreement was returned to Creditor for filing with the Court.

Upon reviewing the agreement, the record in this case, and the arguments presented at the hearing, the Court finds that the debtors took all reasonable steps to perform their intention with respect to the 2008 Ford Mustang.

It is therefore ORDERED, that the reaffirmation agreement between the debtors and the Creditor, filed on October 26, 2009, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond the sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, the Court finds that the automatic stay remains in effect, the 2008 Ford Mustang remains property of the estate pursuant to Section 362(h)(1)(B) and the ipso facto clause of the contract remains ineffectual, as provisions of Section 521(d) that would give it effect have not been met, so long as the debtors remain current in their payments on the 2008 Ford Mustang. See Coastal Federal Credit Union v. Hardiman, 398 B.R. 161, 189 (E.D.N.C. 2008).

**Parties To Be Served**
**Case No. 09-11150 C7-W**
**Page 1 of 1**

Charles and Cheryl Edwards
47 Kinglet Circle
Greensboro, NC  27455-1362

Jennifer Rebecca Harris, Esq.
Attorney for Debtors
706 Green Valley Road, Suite. 505
Greensboro, NC 27408-7023

JP Morgan Chase Bank NA
Attn:  Bankruptcy Dept.
201 N. Central Avenue AZ1-1191
Phoenix, AZ  85004

Gerald S. Schafer, Esq.
Chapter 7 Trustee
220 Commerce Place
Greensboro, NC  27401

Michael D. West
Bankruptcy Administrator
PO Box 1828
Greensboro NC 27402